The opinion of the Court was delivered by
Johnston, Ch.
It would require much investigation before the Court could determine that the interest conferred by the deed upon Esther Elizabeth Sessions, constituted a separate estate in her; and, of course, whether, upon her marriage, the property did not vest jure mariti, in her husband.
But it is not necessary to decide these points. The persons to whom she sold the property after she became discovert, have been sued, in trover, by the executor of her husband: and they have filed this bill for a discovery ag ainst him, and also asking tha't his suit be enjoined by this Court.
They have obtained no discovery; and the question is whether when a Court of concurrent jurisdiction, so far as the right of property is concerned, has cognizance of that right, this Court will interfere, unless it can grant the plaintiffs here a more complete remedy than they can obtain in the other Court. It is manifest we cannot. These plaintiffs have the possession: and we could do no more than quiet them in it by our injunction. The principle involved is analogous to that upon which we should decree a delivery of the slaves to *410 them, if we should be of opinion the title is in them. But the law Court, if it should determine that their title is good, would give judgment against their adversary, and leave them in possession as they now are. If, on the other hand, it should sustain the action of trover brought against them, the> effect ■ would be to vest the slaves in them; such being the effect of a verdict and judgment for the plaintiff in trover. So that let the result of the suit at law be which way it may, the plaintiffs here will be secure in the possession of the slaves:— to decree which possession is the only ground of jurisdiction in this Court.
It is ordered that the decree be reversed, and the bill dismissed.
Dunkin and Wardlaw, CC., concurred.
Decree reversed.